**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LENA ELIZABETH GIST,

    Plaintiff,

v.                                                                  Case No. 19-13169

ANDREW M. SAUL, Commissioner
of the Social Security Administration,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        Plaintiff Lena Elizabeth Gist brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) challenging the decision of Defendant Andrew M. Saul, Commissioner of the Social Security Administration, to deny Plaintiff disability insurance benefits. (ECF No. 1.) The case was referred to Magistrate Judge Anthony P. Patti on October 29, 2019. (ECF No. 5.) On May 13, 2020, Plaintiff moved for summary judgment, and on July 13, 2020, Defendant moved for summary judgment. (ECF Nos. 18, 20.) The Magistrate Judge recommended on February 17, 2021, that the court deny Plaintiff's motion and grant Defendant's motion. (ECF No. 22.)

        On March 1, 2021, Plaintiff filed four objections to the Report and Recommendation ("R&R"). (ECF No. 23.) Defendant timely filed a response. (ECF No. 24.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's objections and adopt the R&R.

## I.  BACKGROUND

The following facts are taken from the record established by both parties, and each material fact is either agreed upon or lacks contradictory evidence.

Plaintiff applied for disability insurance benefits at the Social Security Administration ("SSA") in June 2017. (ECF No. 22, PageID.1171.) In her application, Plaintiff claimed that she had fibromyalgia, herniated discs, sciatica, first stage breast cancer, bladder spasms, high blood pressure, and migraines. (*Id.*) In September 2017, Defendant found that Plaintiff's condition did not constitute a disability under the Social Security Act and was thus not eligible for disability benefits. (*Id.*)

Plaintiff challenged Defendant's decision at a hearing before an administrative law judge ("ALJ") Allison Dietz. (*Id.*) On November 5, 2018, the ALJ issued an opinion that recognized an alleged onset date of September 29, 2015, for Plaintiff's conditions and determined that Plaintiff was not disabled. (*Id.*) The scope of review for the disability decision was from Plaintiff's alleged onset date in September 2015 to December 31, 2016, the last date Plaintiff was insured under the Social Security Act. (*Id.*, PageID.1172; ECF No. 15-2, PageID.74.) Plaintiff appealed the decision, but the SSA's Appeals Council declined to review the ALJ's opinion. (ECF No. 22, PageID.1172.)

Plaintiff filed this action on October 28, 2019. (ECF No. 1.) She asks that the court reverse and set aside Defendant's decision to deny disability benefits, or in the alternative, remand the case to the SSA for further proceedings. The parties filed cross motions for summary judgment, and, on February 17, 2021, the Magistrate Judge issued an R&R finding that Defendant's decision should be affirmed. (ECF No. 22.)

2

## II.  STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## III. DISCUSSION

Judicial review of Social Security benefits determinations is limited, and courts are deferential to the agency's factual findings. Title 42 U.S.C. § 405(g) permits individuals to challenge a Social Security benefits determination in court. However, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by

3

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Courts "must affirm [Defendant's] conclusions absent a determination that [he] has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"A person is entitled to disability insurance benefits under the Social Security Act if she (1) is insured for disability insurance benefits; (2) has not attained retirement age; (3) has filed an application for disability insurance benefits; and (4) is under a disability." *Renfro v. Barnhart*, 30 F. App'x 431, 435 (6th Cir. 2002) (citing 42 U.S.C. § 423(a)). "If a claimant is no longer insured for disability insurance benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured." *Id.* The parties do not contest that Plaintiff has met the first three elements of a disability benefits claim. *See id.* The remaining question is whether Plaintiff was disabled between the alleged onset date of Plaintiff's symptoms in September 2015 and the date Plaintiff was last insured in December 2016. (ECF No. 22, PageID.1172; ECF No. 15-2, PageID.74.)

Title 42 U.S.C. § 423(d) provides the definition of "disability" under the Social Security Act. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). To qualify as disabled, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

4

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

When the SSA reviews applications for disability benefits, the agency applies a five-step analysis. *See Buxton*, 246 F.3d at 772; *Heston*, 245 F.3d at 534. The SSA addressed claimants directly when explaining the five steps in 20 C.F.R. § 404.1520(a)(4):

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

The facts and analysis the Magistrate Judge provided in his R&R are largely uncontested. *See Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) (citations removed) ("[A] party waives his or her right to appeal by failing to file objections to a magistrate's report and recommendation."). However, Plaintiff filed four specific objections to the R&R, and the court will address each in turn.

### A.  First Objection

Plaintiff objects to the ALJ's finding that Plaintiff did not qualify as disabled under the SSA's Listing 1.04. (ECF No. 23, PageID.1198-1202.) Step 3 of the disability insurance benefits review process states that "[i]f [the claimant has] an impairment(s) that *meets or equals one of our listings* in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled." 20 C.F.R. § 404.1520(a)(4)(iii) (emphasis added). The SSA created Listing 1.04 for disorders of the spine. To qualify as disabled under the listing, a claimant must demonstrate a "compromise of a nerve root . . . or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by

6

> chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b."

20 C.F.R. § 404, subpt. P, App. 1, pt. A1.

Plaintiff asserts that the ALJ did not provide sufficient reasoning for why Plaintiff failed to satisfy the requirements of Listing 1.04. She states that, "despite being directly relevant to a proper analysis at Step Three, the ALJ never mentioned evidence of positive straight leg raise testing, decreased range of motion in the lumbar spine, tenderness, an antalgic gait and the use of an assistive device." (ECF No. 23, PageID.1200.) However, as the Magistrate thoroughly discussed, the ALJ reviewed the record and stated that Plaintiff had presented "no evidence of nerve root compression with the required characterizations, spinal arachnoiditis or lumbar spinal stenosis with pseudoclaudication that results in inability to ambulate effectively." (ECF No. 22, PageID.1177-80; ECF No. 15-2, PageID.75, 77.) Specifically, "the ALJ cited the September 2015 MRI, which makes clear that she considered imaging from the relevant period – a September 2015 magnetic resonance imaging scan showed mild to moderate disc space narrowing in her lumbar spine." (ECF No. 22, PageID.1178, R&R; ECF No. 15-2, PageID.77.) The ALJ also stated, with detailed citations to medical records, that Plaintiff "routinely presents herself to her examiners at Henry Ford Hospital with limiting, but not disabling, musculoskeletal symptoms, often demonstrating full strength and range of motion in her back, neck, and extremities with normal gait and ambulation. . . . Despite stating that she requires a cane for ambulation both inside and outside her home, she has demonstrated normal ambulation without a cane." (ECF No. 15-2, PageID.77; ECF No. 22, PageID.1178-79 (The Magistrate Judge's R&R explaining the medical records the ALJ cited when coming to this conclusion).)

7

Plaintiff does not contest the factual accuracy of the ALJ's conclusions or the Magistrate Judge's analysis. She states simply that the ALJ should have explicitly mentioned evidence Plaintiff believes supports her case. (ECF No. 23, PageID.1200-01.) Nonetheless, Defendant asserts that "without [the] threshold showing" made by the ALJ that Plaintiff showed no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, "it matters not whether Plaintiff can satisfy any of the additional requirements" of Listing 1.04. (ECF No. 24, PageID.1216.) The ALJ's and Defendant's analysis is in line with the text of Listing 1.04, which requires evidence of "nerve root compression," "[s]pinal arachnoiditis," and "[l]umbar spinal stenosis resulting in pseudoclaudication," and Plaintiff presents no argument or legal citation to the contrary. 20 C.F.R. § 404, subpt. P, App. 1, pt. A1.

This is not a case where the SSA ignored basic requirements for disability insurance eligibility and failed to provide justifications for its decision. For instance, in *Hurst v. Secretary of Health and Human Services*, the government denied disability benefits, "simply reported that stiffness and pain" were criteria for receiving benefits and went on to "discuss other criteria." 753 F.2d 517, 519 (6th Cir. 1985). The determination of the pain criteria was dispositive, and substantial evidence in the record showed that the claimant had met the standard. *Id.* Yet the government did not provide *any* reasoning, in support of or against the claimant, and the Sixth Circuit found that the ALJ's benefits denial was not adequately supported. *Id.*

Similarly, in *Reynolds v. Commissioner of Social Security*, an ALJ for the SSA denied a claimant's benefits by stating as a conclusion that the claimant's conditions did not "meet sections 1.00 or 12.00 of the Listings." 424 F. App'x 411, 415 (6th Cir. 2011)

8

The ALJ analyzed the requirements for Listing 12.00 and "simply went on to the next step in the 5–step analysis." *Id.* "No analysis whatsoever was done as to whether" the claimant's conditions "met or equaled a Listing under section 1.00." *Id.* Without any explanation as to how the ALJ came it its conclusion as to section 1.00 of the Listings, the Sixth Circuit held that the decision to deny benefits was not supported by substantial evidence. *Id.*

Here, in contrast to the government's decisions in *Hurst* and *Reynolds*, the ALJ directly addressed the requirements of Listing 1.04 and noted specific medial ailments that Plaintiff had failed to prove: "nerve root compression with the required characterizations, spinal arachnoiditis or lumbar spinal stenosis with pseudoclaudication that results in inability to ambulate effectively." (ECF No. 22, PageID.1177-80; ECF No. 15-2, PageID.75, 77.) As the Magistrate Judge explained, the ALJ went on to cite medical records, including "a September 2015 magnetic resonance imaging scan showed mild to moderate disc space narrowing in her lumbar spine" and her ability to move and ambulate effectively. (ECF No. 15-2, PageID.77; ECF No. 22, PageID.1178-79.)

Plaintiff's objection amounts to a disagreement with the ALJ's conclusion, even while Plaintiff does not contest that the ALJ's findings were factually accurate or supported by the record. Courts are deferential to the SSA's determinations on benefit qualifications, *Walters*, 127 F.3d at 528, and they "will not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Perry v. Comm'r of Soc. Sec.*, 734 F. App'x 335, 338 (6th Cir. 2018) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). "[A]dministrative findings are not subject to reversal merely

because substantial evidence exists in the record to support a different conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604-05 (6th Cir. 2009) (quotations removed). Defendant's decision to deny Plaintiff benefits was reasoned and well-supported. At a minimum, "a reasonable mind might accept [Defendant's decision] as adequate." *Buxton*, 246 F.3d at 772. Simply because the ALJ could have analyzed more records, which would not have altered the ALJ's conclusion, does not justify reversal. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (noting that a party's accusations of "cherry pick[ing]" on the part of an ALJ "can be more neutrally described as weighing the evidence," the "difficult task" ALJs are assigned to perform). Thus, the court will overrule Plaintiff's first objection.

### B. Second Objection

Plaintiff's second objection is that the ALJ should have explained why the opinion of Dr. William Rutherford, Jr., a state agency medical consultant, did not adequately support her request for benefits. (ECF No. 23, PageID.1206.) As the Magistrate Judge accurately explained, Dr. Rutherford's wrote his opinion in September 2017, almost a year after Plaintiff lost disability insurance coverage in December 2016. (ECF No. 22, PageID.1180; ECF No. 15-2, PageID.147.) Dr. Rutherford concluded, at the time of the examination, that Plaintiff's conditions "equal[] listing 1.04 with morbid obesity (BMI 55), cervical and lumbar DDD, fibromyalgia, and recent [diagnosis] of breast cancer." (ECF No. 22, PageID.1180; ECF No. 15-2, PageID.147.) He also found that Plaintiff "requires a cane to ambulate and ADLs are significantly limited" and that "there is insufficient evidence in file to determine the claimant's functional limitations during the period in

10

which they were last insured for benefits." (ECF No. 22, PageID.1180; ECF No. 15-2, PageID.147.)

The Magistrate Judge correctly observed that Dr. Rutherford reviewed medical evidence outside the relevant timeframe of review, either before the alleged date of onset or after Plaintiff was last insured, and the ALJ was aware of this. (ECF No. 22, PageID.1180-81.) The ALJ did not ignore Dr. Rutherford's opinion, nor did she move onto the next step of the analysis without providing analysis or explanation. *See Hurst*, 753 F.2d at 519; *Reynolds*, 424 F. App'x at 415. The ALJ specifically identified Dr. Rutherford and noted that his decision "refer[ed] to the claimant's impairments *after* [Plaintiff's] date last insured." (ECF No. 15-2, PageID.76 (emphasis added).) Further, the ALJ noted that Dr. Rutherford found "insufficient evidence to determine [Plaintiff's] functional limitations when [she] was insured," i.e., during the relevant timeframe. (ECF No. 15-2, PageID.78.)

The ALJ reviewed Dr. Rutherford's September 2017 findings and conducted her own independent analysis of the medical records. (ECF No. 15-2, PageID.78.) She found that "sufficient evidence [existed] to support limiting [Plaintiff] to sedentary work with postural, environmental, and non-exertional limitations." (*Id.*) The Magistrate Judge explained in the R&R that the ALJ's decision cited medical evidence that Dr. Rutherford did not review. (ECF No. 22, PageID.1183.)

Dr. Rutherford's opinion was made after the date of last insured, the opinion relied on evidence from outside the relevant timeframe, and the opinion did not consider records the ALJ found significant. Simply because the ALJ did not come to a conclusion Plaintiff preferred does not mean that a "reasonable mind [cannot] accept [Defendant's

11

decision] as adequate." *Buxton*, 246 F.3d at 772. Thus, the court will overrule Plaintiff's second objection.

### C.  Third Objection

In Plaintiff's third objection, he argues that the ALJ did not provide sufficient explanation of its residual functional capacity ("RFC") determination. Plaintiff claims that the ALJ failed to "describ[e] how the evidence support[ed] [its] conclusions and provid[e] citations to specific medical facts and nonmedical evidence." (ECF No. 23, PageID.1206 (citing Social Security Administration, SSA POMS DI 24510.006, SSR 96-8p: Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims (2020)).)

The ALJ found that Plaintiff could perform sedentary work with limitations. (ECF No. 15-2, PageID.76.) Contrary to Plaintiff's claim, the ALJ provided almost two full pages of analysis and medical citations in support of her RFC determination. "The [c]ourt is uncertain what additional level of detail the ALJ could have included" absent weighing the evidence in Plaintiff's favor and awarding Plaintiff benefits. *Payne v. Comm'n of Social Security*, 402 F. App'x 109, 117-18 (6th Cir. 2010) (quotations removed) (finding that an ALJ had adequately complied with SSR 96-8p and was supported by substantial evidence after issuing an opinion with an equivalent level of detail); *Lindsley*, 560 F.3d at 604-05 ("[A]dministrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.").

As the Magistrate Judge explained in his R&R, the ALJ thoroughly recounted medical conditions that impacted Plaintiff's ability to work without limitations. (ECF No.

12

22, PageID.1187-91.) The Sixth Circuit has repeatedly deferred to ALJ determinations when they have reviewed and considered evidence in support of a claimant's work limitations. *See Ford v. Comm'r Soc. Sec.*, 114 F. App'x 194, 197 (6th Cir. 2004) (affirming an ALJ's decision when it recognized and "accommodated [the claimant's] back and leg limitations in [the] functional capacity assessment"); *McGrew v. Comm'r Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (holding that an ALJ's decision to deny benefits was supported by substantial evidence when "the ALJ thoroughly analyzed the contrary medical assessments" that limited the claimant's ability to work); *Walters*, 127 F.3d at 530-31 (deferring to an ALJ's decision to deny disability benefits when the ALJ "consider[ed] the opinions" of a chiropractor and doctor that lacked strong evidentiary support and "weighed them along with all other evidence").

> The following is a portion of the ALJ's analysis:
>
> The claimant complains of chronic back pain, difficulty breathing, migraines, fibromyalgia, and obesity, all of which affect her abilities to lift, squat, bend, reach, walk, sit, kneel, climb stairs, see, remember, and use her hands (Exhibits B3E/6; Hearing Testimony (HT)). She testified that she must lean on the counter when doing dishes and requires a can to ambulate around her home and outside. She said she requires help buying groceries. . . .
>
> The undersigned concedes that the claimant experiences obesity, disorders of he cervical and lumbar spine, chronic pain, and migraines. The existence and persistence of these impairments, and their limiting effects, are corroborated in the claimant's medical record. She has been diagnosed with morbid obesity and has weighed as much as 314 pounds (Exhibit B2F/80). A September 2015 magnetic resonance imaging scan (MRI) showed mild to moderate disc space narrowing in her lumbar spine (Id. at 70). She has complained of neck pain (Id. at 119, 226). To treat her various impairments, she has been prescribed medication, attended physical therapy, received pain-controlling injections, and been prescribed a transcutaneous electrical nerve stimulation (TENS) unit (Id. at 16, 119, 227, 235; B6F).

(ECF No. 1502, PageID.77.)

The ALJ continued and provided analysis and record citations in support of its conclusion to deny benefits. *See* Social Security Administration, *supra*. The ALJ stated:

> The record does not support the claimant's allegations of disabling impairments prior to the claimant's date last insured. She routinely presents herself to her examiners at Henry Ford Hospital with limiting, but not disabling, musculoskeletal symptoms, often demonstrating full strength and range of motion in her back, neck, and extremities with normal gait and ambulation (Exhibit B2F/75, 79-80, 84, 113, 116, 120-121, 227, 229, 233, 238). Despite stating that she requires a cane for ambulation both inside and outside her home, she has demonstrated normal ambulation without a cane (Id. at 238). Her daily functioning is less limited than one could reasonably expect, considering the alleged severity of her impairments. She reported that she prepares meals, does household chores, shops in stores, and runs errands (Exhibit B3E/3-4). She drives an automobile, suggesting that she has the physical strength, stamina, and dexterity to open the vehicle door, manipulate the keys, turn the steering wheel, sit in the driver's seat, and operate the pedals (Id. at 4; HT). The totality of the evidence does not support the claimant's allegations of disabling impairments prior to her date last insured.

(ECF No. 1502, PageID.77-78.)

A plain reading of the ALJ's decision shows that it was not "conclusory," as Plaintiff claims. (ECF No. 23, PageID.1207.) The fact that Plaintiff cites contrary evidence and reaches a different conclusion than the ALJ does not justify reversal of the ALJ's decision. *See Lindsley*, 560 F.3d at 604-05; *White*, 572 F.3d at 284; *Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 355 (6th Cir. 2020) (rejecting an argument that "merely . . . cit[ed] conflicting evidence" and reiterating that "[o]nce we find the [ALJ's] decision supported by substantial evidence, any conflicts in the record are not enough to overturn it"). Thus, the court will overrule Plaintiff's third objection.

### D.  Fourth Objection

Plaintiff's final objection is that the ALJ did not properly consider Plaintiff's subjective description of symptoms when denying her application for benefits. (ECF No.

23, PageID.1208-11.) Plaintiff asserts that objective medical evidence "is not particularly applicable" in this case because medical evidence does not fully explain the extent of Plaintiff's symptoms. (ECF No. 23, PageID.1208.)

While it is true that "subjective complaints of pain may support a claim for disability," *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quotations removed), "[s]ubjective complaints . . . shall not alone be conclusive evidence of disability." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (quoting *Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003)); *see also Walters*, 127 F.3d at 531 (quotations removed) ("An individual's statements as to pain or other symptoms will not alone establish that he is disabled."). SSA regulations confirm that "statements [from a claimant] about [her] pain or other symptoms will not alone establish that [the claimant is] disabled. There must be objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1529(a). Therefore, "an ALJ is not required to accept a claimant's subjective complaints" and has the authority to conduct an independent review of relevant medical records and weigh the claimant's credibility. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).

The ALJ here reviewed objective medical evidence and weighed the available record to find that Plaintiff was not disabled. As described above, the ALJ provided many citations to the record and explained that Plaintiff "often demonstrate[ed] full strength and range of motion in her back, neck, and extremities with normal gait and ambulation" when she went to Henry Ford Hospital. (ECF No. 1502, PageID.77-78.) The ALJ noted that Plaintiff "demonstrated normal ambulation without a cane," "reported that she prepares meals, does household chores, shops in stores, and runs errands,"

15

and operated a motor vehicle. (*Id.*) In a report cited by the ALJ, "Plaintiff listed laundry, ironing, washing dishes, and cleaning house as household chores she is 'able to do.' . . . She also listed 'reading, watching TV, going to the movies, concerts, plays' and 'going to the library' as hobbies and interests that are done every day, or 'whenever it's possible,' except for watching TV, which 'depends on the day.'"[1] (ECF No. 22, PageID.1195, R&R (citing ECF No. 15-6, PageID.258, 260).)

The ALJ did not ignore Plaintiff's subjective description of pain or reject her arguments without explanation or thought. As stated above, the ALJ described in detail the symptoms Plaintiff claimed she experienced: "The claimant complains of chronic back pain, difficulty breathing, migraines, fibromyalgia, and obesity, all of which affect her abilities to lift, squat, bend, reach, walk, sit, kneel, climb stairs, see, remember, and use her hands." (ECF No. 15-2, PageID.77.) The ALJ took these statements into consideration, properly weighed them against objective medical evidence, and provided a thorough examination of Plaintiff's physical abilities:

> Due to her impairments, [Plaintiff] can perform sedentary work except that she can occasionally balance on uneven terrain and slippery surfaces, stoop, kneel, crouch, crawl, and climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. She must avoid all exposure to extreme cold, vibration/vibrating tools, and workplace hazards such as unprotected heights and moving mechanical parts. She requires an at-will sit-stand option at her workstation that does not take her off-task more than ten percent of the workday. She requires a cane for ambulation to/from the workstation and for prolonged ambulation. In the free hand, she can carry only nominal weights.

(ECF No. 15-2, PageID.77.)

---

[1] The ALJ also stated that "there is sufficient evidence to support limiting the claimant to sedentary work, with postural, environmental, and non-exertional limitations" and cited numerous portions of the record. (ECF No. 1502, PageID.78.)

16

Plaintiff does not argue that the ALJ's evidentiary citations are not supported by the record. Instead, she claims that the ALJ did not adequately consider the full record. (ECF No. 23, PageID.1208-10 (describing evidence Plaintiff believes supports her case).) However, Plaintiff cites no rule that the ALJ must exhaustively describe all portions of the record upon which Plaintiff could potentially support of her claim. Such a task would be neither practical nor possible. The fact that Plaintiff, or this court, might have weighed evidence differently, considered other evidence to be of greater import, or given more credit to Plaintiff's subjective description of symptoms does not justify overturning the ALJ's decision. *See Lindsley*, 560 F.3d at 604-05; *Stewart*, 811 F. App'x at 355; *White*, 572 F.3d at 284. In the context of subjective symptoms, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference." *Walters*, 127 F.3d at 531. Judicial review is not an opportunity to second guess the SSA, and "a reasonable mind might accept [Defendant's findings] as adequate." *Buxton*, 246 F.3d at 772. Thus, Plaintiff's fourth objection will be overruled.

## IV. CONCLUSION

The Magistrate Judge's R&R is well supported, and Plaintiff's four objections do not justify reversal of Defendant's decision to deny Plaintiff's application for disability benefits. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 23) are OVERRULED and the Magistrate Judge's Report and Recommendation (ECF No. 22) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 18) is DENIED.

Finally, IT IS ORDERED that Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

s/Robert H. Cleland            /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: March 29, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                    /<br>Case Manager and Deputy Clerk<br>(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13169.GIST.ObjectionstoR&R.RMK.docx